UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER M. MONGIELLO,

                Plaintiff,

-against-

INDYMAC BANK F.S.B.; SHELLPOINT MORTGAGE SERVICING, LLC,

                Defendants.

No. 24-CV-2290 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is appearing pro se, brings this action pursuant to the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq., and N.Y. Real. Prop. Acts. Law § 1501, in connection with real property in New Rochelle, NY. By order dated April 2, 2024, Chief Judge Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* Dkt. No. 6.)

## I. Discussion

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that courts must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until ninety days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Indymac Bank F.S.B. and Shellpoint Mortgage Servicing, LLC through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within ninety days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II.  Conclusion

The Clerk of Court is respectfully directed to mail an information package to Plaintiff. The Clerk of Court is further instructed to issue summonses for Defendants, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Plaintiff consents to electronic service of court documents. (*See* Dkt. No. 4.)

SO ORDERED.

Dated: April 17, 2024
      White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Indymac Bank F.S.B.
   17000 Katy Freeway Suite 300
   Houston, TX 77094

2. Shellpoint Mortgage Servicing, LLC
   17000 Katy Freeway Suite 300
   Houston, TX 77094