UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER M. MONGIELLO,

            Plaintiff,

       v.

INDYMAC BANK F.S.B,

            Defendant.

No. 24-CV-2290 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who is appearing pro se, brings this action pursuant to the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq., and N.Y. Real. Prop. Acts. Law § 1501, in connection with real property in New Rochelle, NY. By order dated April 2, 2024, Chief Judge Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* Dkt. No. 6.) For the reasons to follow, Plaintiff is instructed to inform the Court of the proper service address for Defendant.

    When "a plaintiff proceeds IFP, he or she is entitled to rely on service by the U.S. Marshals." *Martinez v. Franco*, No. 19-CV-8868, 2021 WL 1199188, at *5 (S.D.N.Y. Mar. 30, 2021) (citing Fed. R. Civ. P. 4(c)(3) and *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986)). Pro se plaintiffs "are not excused from complying with the applicable rules of service merely by virtue of their pro se status." *Id.* (citation and quotation marks omitted). "Although Rule 4(m) specifies that defendants not served within 90 days of the filing of a complaint should be dismissed, *see* Fed. R. Civ. P. 4(m), district courts 'have discretion to grant extensions, and may do so even in the absence of good cause.'" *Id.* (quoting *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012)).

Plaintiff describes Defendant as having "its agent for service of process . . . [at] 17000 Katy Fwy suite 300, Houston, TX 77084." (Compl. (Dkt. No. 1) ¶ 3.) The Complaint also notes that "[Defendant] was closed by the FDIC in January of 2009 and ALL of the assets were sold to OneWest Bank and no other entity." (*Id.* ¶ 14 (emphasis in original).) Former defendant Shellpoint Mortgage Servicing, LLC, was voluntarily dismissed by Plaintiff. (*See* Mot. to Dismiss (Dkt. No. 28); Dismissal (Dkt. No. 31).) In the Complaint, Shellpoint is described as having the same Houston, TX, address for service. (*See* Compl. ¶ 4.)

Curiously, despite his entitlement to rely on the U.S. Marshals (the "Marshals") for service, Plaintiff also retained a process server who served "Indymac Bank, F.S.B. & ShellPoint Mortgage Servicing LLC" on May 10, 2024, at the Houston, TX, address. (*See* Dkt. No. 10.) The Marshals served Shellpoint on May 20, 2024. (*See* Dkt. No. 11.) While the Marshals' Statement of Service is addressed to "Indymac Bank, F.S.B." at the Houston, TX, address, the form was completed and returned by counsel for Sharepoint, (*id.* at 2.), who filed a notice of appearance on June 12, 2024, (*see* Dkt. No. 18). No counsel for Defendant has filed a notice of appearance. (*See generally* Dkt.) At first glance, while docketed materials suggest that Defendant was served, there is no concrete indication that Defendant or any of its agents was properly served. This is despite the fact that Plaintiff was aware when drafting his Complaint that IndyMac was defunct and that OneWest Bank is its successor. (*See* Compl. ¶ 14.) And so, with Plaintiff's voluntary dismissal of Shellpoint, (*see* Mot. for Dismissal of Shellpoint (Dkt. No. 28); Dismissal of Shellpoint (Dkt. No. 31)), there is no served and represented defendant in this Action.

Accordingly, Plaintiff is instructed to inform the Court of Defendant's proper service address within 30 days of the issuance of this Order. Failure to abide by this 30-day deadline

may result in dismissal of this Action with prejudice. *See Kotler v. Boley*, No. 17-CV-239, 2021 WL 2209874, at *1–2 (S.D.N.Y. June 1, 2021) (dismissing a pro se plaintiff's claims against a defendant for failure to serve).

SO ORDERED.

Dated: September 20, 2024
       White Plains, New York

                                                  KENNETH M. KARAS
                                                  United States District Judge