UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER M. MONGIELLO,

        *Plaintiff,*

    v.

INDYMAC BANK F.S.B,

        *Defendant.*

No. 24-CV-2290 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Christopher M. Mongiello ("Plaintiff"), appearing pro se, brings this Action against Defendant IndyMac Bank ("Defendant" or "IndyMac"), pursuant to the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq., and N.Y. Real. Prop. Acts. Law § 1501, in connection with real property in New Rochelle, NY. By Order dated April 2, 2024, Chief Judge Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* Dkt. No. 6.)

    On September 20, 2024, the Court issued an Order directing the Plaintiff "to inform the Court of Defendant's proper service address within 30 days of the [Order's] issuance." (Dkt. No. 40 at 2.) The Court noted that "there is no concrete indication that Defendant or any of its agents [have been] properly served" and that failure to comply with the Order "may result in dismissal of this Action with prejudice." (*Id.* at 2–3)

    On September 29, 2024, Plaintiff ignored the Court's Order and instead insisted that IndyMac's proper service address is an address in Houston, Texas. (*See* Dkt. No. 41 ("Pl's Ltr.") at 1.) In support of his position, Plaintiff attached an affidavit from his process server, who avers that the Houston address is correct "as evidenced by the plethora of lawsuits filed." (*Id.* at 5.)

The process server appends a document he relied upon in serving Defendant, (*id.*), but which is illegible because it is simply too blurry to read clearly, (*see id.* at 10–20.) The process server also claims that he served an individual, Latya Williams, who allegedly accepted service on behalf of Defendant and a since-dismissed co-defendant, Shellpoint Mortgage Servicing, LLC ("ShellPoint"). (*Id.* at 5; *see also* Dkt. No. 31 (Plaintiff's voluntary dismissal of ShellPoint).) Plaintiff also claims that the U.S. Marshals ("Marshals"), on whom Plaintiff is entitled to rely for service because he was granted IFP status, conducted "independent research" that again confirms the Houston address, (*see* Pl's Ltr. at 4). As the Court noted in its September 20, 2024, Order, the Marshals' Statement of Service was completed and returned *only by counsel for ShellPoint*. (Dkt. No. 40 at 2.)

In the years since IndyMac went out of business in 2009, (*see* Complaint (Dkt. No. 1) ¶ 14), pro se plaintiffs have initiated numerous lawsuits, apparently without service issues, against IndyMac's successor, OneWest Bank, and/or the Federal Deposit Insurance Corporation ("FDIC"), for claims arising out of loans issued by IndyMac. *See, e.g.*, *Raja v. FDIC*, No. 16-CV-511, 2021 WL 508578 (D.D.C. Feb. 11, 2021); *Mohammad v. IndyMac Bank, F.S.B/One West Bank, F.S.B.*, No. 16-CV-7241, 2018 WL 1252112 (N.D. Ill. Mar. 12, 2018); *Hernandez v. IndyMac Bank*, No. 12-CV-369, 2014 WL 12644259 (D. Nev. Sept. 19, 2014). Plaintiff offers no plausible explanation as to why he has had such a difficult time serving Defendant and indeed cannot do so in the face of numerous pro se plaintiffs who have been able to properly serve Defendant.

Accordingly, and in light of the solicitude customarily afforded pro se plaintiffs, the Court gives Plaintiff one last chance to properly serve Defendant. Plaintiff is hereby ordered to (1) determine the proper service address to serve IndyMac's successor, OneWest Bank, and (2)

provide that address to the Court within 30 days of the issuance of this Order so that the Court may direct the Marshals to effect service. Failure to abide by this 30-day deadline may result in dismissal of this Action. *See Kotler v. Boley*, No. 17-CV-239, 2021 WL 2209874, at *1–2 (S.D.N.Y. June 1, 2021) (dismissing a pro se plaintiff's claims against a defendant for failure to serve).

SO ORDERED.

Dated: December 11, 2024
       White Plains, New York

KENNETH M. KARAS
United States District Judge