UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER M. MONGIELLO,

*Plaintiff*,

v.

INDYMAC BANK, F.S.B.,

*Defendant*.

No. 24-CV-2290 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Christopher M. Mongiello ("Plaintiff"), proceeding pro se, brings this Action against IndyMac Bank, F.S.B., ("Defendant" or "IndyMac"), seeking to quiet title for real property at issue, damages for slander of title, and alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., through its implementing regulations, known as Regulation X, 12 C.F.R. §§ 1024.1 et seq (the "IndyMac Action"). (*See* Compl. (Dkt. No. 1).) Plaintiff now seeks the entry of default judgment against Defendant. (*See, e.g.*, Dkt. Nos. 42, 53.) On July 7, 2025, the Court ordered Plaintiff to brief the issue of how his quitclaim of the property at issue affects this Action. (*See* Dkt. No. 55.) Plaintiff timely responded that he had been assigned "all right, title and interest in [the] claims" by the property's owners, Plaintiff's parents. (Dkt. No. 55 at 1.)

The question of the quitclaim and Plaintiff's parents' assignment go to whether Plaintiff has standing to sue. Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting U.S. Const. art. III, § 2). "For there to be a case or controversy under Article III, [a] plaintiff must have a '*personal stake*' in the case—in other words, standing." *Lugo v. City of*

*Troy, New York*, 114 F.4th 80, 86 (2d Cir. 2024) (emphasis added) (quoting *TransUnion*, 594 U.S. at 423). "The Supreme Court has held that parties pressing claims in federal courts must have standing to bring their claims to ensure that there is an actual case or controversy under Article III." *Wise v. Combe Inc.*, 724 F. Supp. 3d 225, 233 (S.D.N.Y. 2024) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, the plaintiff must show that he "has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Furthermore, "because the plaintiffs request forward-looking relief, they must face 'a real and immediate threat of repeated injury.'" *Id*. at 58 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

"In certain cases, an 'assignee of a claim [has] standing to assert the injury in fact suffered by the assignor.'" *MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc.*, No. 18-CV-8036, 2020 WL 91540, at *3 (S.D.N.Y. Jan. 8, 2020) (quoting *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000)). "After obtaining an assignment 'in exchange for some consideration running from it to the assignor,' the assignee 'replaces the assignor with respect to the claim or the portion of the claim assigned, and thus stands in the assignor's stead with respect to both injury and remedy.'" *Id.* (quoting *Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 117 (2d Cir. 2002)). Crucially, a plaintiff "bears the burden of alleging sufficient facts to support standing." *Id.* (quoting *Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1095–96 (2d Cir. 1997)). The Complaint contains no allegations as they relate to the quitclaim or the assignment to Plaintiff. (*See generally* Compl.)

Accordingly, Plaintiff is ORDERED to file an Amended Complaint within 30 days of the date of this Order that includes allegations sufficient to establish standing in accordance with the above discussion.  Plaintiff is advised that the Amended Complaint will completely replace, not supplement, the Complaint.  The Amended Complaint must therefore contain all claims, defendants, and factual allegations that Plaintiff wishes the Court to consider.  If Plaintiffs fail to timely file an Amended Complaint, Plaintiff's claims may be dismissed.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    July 22, 2025
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

3