UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Christopher M. Mongiello,

                *Plaintiff*,

v.

Indymac Bank, F.S.B.,

                *Defendant*.

No. 24-CV-2290 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Christopher Mongiello ("Plaintiff"), proceeding pro se, brings this Action against Indymac Bank, F.S.B. ("Defendant" or "IndyMac"), seeking money damages, declaratory relief, costs, a default judgment, and other relief, and alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., through its implementing regulations, known as Regulation X, 12 C.F.R. §§ 1024.1 et seq.  (*See* Am. Compl. 1 (Dkt. No. 58).)  After the Court ordered Plaintiff to file a new complaint containing allegations sufficient to support his standing to sue, Plaintiff filed an Amended Complaint naming his father, Americo Mongiello, as a Plaintiff.  (*Id.* at 1–2; *see also* Order ("July 22 Order") 3 (Dkt. No. 57).)  Several weeks later, on October 13, 2025, Plaintiff filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.  (*See* Pl.'s Emergency Mot. for Relief ("Pl.'s Emergency Mot.") (Dkt. No. 59).)[1]  In deciding the Emergency Motion, the Court looks to the allegations in the

---

[1] When citing the Emergency Motion, the Court refers to the page numbers generated by the Electronic Case Filing system that appear on the document's top-right corner.  When referring to other filings, the Court cites to the page numbers as they are designated on the documents themselves.

Amended Complaint and the entirety of the record developed thus far.  *See, e.g.*, *Pawelsky v. Cnty. of Nassau*, 684 F. Supp. 3d 73, 78 n.1 (E.D.N.Y. 2023).

"The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 . . . are identical." *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) (quotation marks and citation omitted); *accord Widakuswara v. Lake*, 773 F. Supp. 3d 46, 53 (S.D.N.Y. 2025); *see also Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 6813100, at *2 (S.D.N.Y. Oct. 13, 2023).

> A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration adopted and quotation marks omitted).

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  To obtain such relief, a plaintiff must demonstrate "either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party." *North American Soccer League, LLC v. United States Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018).

Plaintiff's Emergency Motion and Amended Complaint fail to satisfy this high bar.  First and foremost, the filings Plaintiff has made up to this point are not likely to cure the standing issues identified in the Court's previous Order.  (July 22 Order 1–2.)  As to Plaintiff's own standing, the Amended Complaint does not contain any new allegations that meaningfully

change the Court's standing analysis. Reading the Amended Complaint charitably, the new asserted basis for standing appears to be that "Plaintiff Christopher Mongiello has been assigned all rights to bring this claim in his own name and has the right to bring this action . . . because the harm he suffered while he owned the property caused him to lose it." (Am. Compl. at 5–6.) Plaintiff does not explain the details of this asserted assignment. Those details matter. *See Chowdhury v. VEON Ltd.*, No. 21-CV-3527, 2022 WL 956271, at *4 (S.D.N.Y. Mar. 30, 2022) (describing "the general principle that permission to sue alone, absent an assignment that confers ownership of the claim, does not create standing"). As the Court explained in its previous Order, a plaintiff "bears the burden of alleging sufficient facts to support standing," and the Complaint cannot support standing where it "contains no allegations as they relate to . . . the assignment to Plaintiff." (July 22 Order 2.) Bald and generalized allegations are not sufficient, on their own, to entitle a Plaintiff to emergency relief. *Farah v. Richeson*, No. 19-CV-01247, 2019 WL 4201066, at *1 (D. Conn. Sept. 5, 2019) (citing *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) (overruled in part on other grounds)).

As mentioned, the Amended Complaint purports to name Plaintiff's father, Americo Mongiello, as an additional plaintiff. (Am. Compl. 1–2.) However, it is unclear whether Plaintiff's father was involved in the preparation of this document or the Emergency Motion. Rather, Plaintiff appears to be attempting to represent his father. (*See* Pl.'s Emergency Mot. 9 (representing that the document was submitted by Christopher Mongiello); Am. Compl. 16 (same).)[2] "[A]s a pro se plaintiff," Christopher Mongiello "cannot represent other plaintiffs . . . .'" *Auguste v. U.S. Customs & Border Prot.*, No. 24-CV-0066, 2024 WL 3649889, at *4

---

[2] Both Plaintiff and his father purportedly "verified" the documents with partially completed conformed signatures. (*See* Am. Compl. at 16–17; Emergency Mot. at 7–8.)

(N.D.N.Y. May 15, 2024), *report and recommendation adopted*, No. 24-CV-66, 2024 WL 3548762 (N.D.N.Y. July 26, 2024); *see also Rodriguez v. Jaddie Stewart Agency Inc.*, No. 08-CV-46, 2009 WL 212123, at *4 (E.D.N.Y. Jan. 28, 2009) ("Recognizing the lack of standing in this lawsuit, pro se plaintiff attempts to add his mother . . . as a plaintiff in his Amended Complaint and signed the Amended Complaint on her behalf. . . . However, it is axiomatic that a pro se plaintiff can only represent himself and may not appear on someone else's behalf."). At a minimum, "each [pro se] plaintiff must sign the complaint" and other legal filings. *Harnage v. Arnone*, No. 12-CV-107, 2012 WL 1579493, at *1 (D. Conn. May 3, 2012); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). The Court notes further that Plaintiff's father has not completed an application to proceed *in forma pauperis*. (*See generally* Dkt.)

In light of these facts, the Court considers Christopher Mongiello to currently be the sole plaintiff in this Action. *Harnage*, 2012 WL 1579493 at *1 (adopting same approach). Because the Court concludes it is not likely that Plaintiff has standing, Plaintiff is not entitled to the requested emergency relief. If Plaintiff's father, does, in fact, wish to participate on his own behalf, Plaintiff and his father may address this deficiency by each signing the Amended Complaint with wet signatures. *See, e.g.*, *Massey-Smith v. Abassey*, No. 18-CV-6036, 2018 WL 10456437, at *1 (W.D.N.Y. Feb. 15, 2018) (permitting pro se plaintiffs to cure similar deficiency by signing an Amended Complaint). They may not use partial conformed signatures of the type included in Plaintiff's previous filings. (*See* Pl.'s Emergency Mot. 9–10 (signature lines filled with "/s/" and nothing further); Am. Compl. 16–17 (same).)

The Court notes several additional aspects of Plaintiff's filings that undermine his asserted entitlement to emergency relief. No document contains much in the way of

4

documentary evidence; the Amended Complaint attaches one page of what appears to be a six-page quitclaim deed, (Am. Compl. 26), an insurance company schedule for the property, (*id.* at 27), and a notarized certificate of acknowledgement, (*id.* at 28). The Court does not view these items, even alongside the general allegations in the filings, as sufficient to support the rigorous requirements for emergency relief. *See Just. v. Kuhnapfel*, 985 F. Supp. 2d 334, 343 (E.D.N.Y. 2013) (rejecting motion for TRO or PI by *pro se* plaintiff who "failed to submit any proof or evidence that meets the standard"); *cf. State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 83–84 (2d Cir. 2024) (concluding serious questions on the merits existed where complaint included detailed allegations of sophisticated fraud scheme, extensive exhibits, and an attached affidavit supporting claims).

Moreover, the Court notes that many of Plaintiff's allegations involve Shellpoint. (*See* Am. Compl. 3 ("Defendant keeps using Shellpoint to bill . . . ."), 3–4 ("Americo Mongiello cannot sell the property . . . without sending money to Shellpoint . . . ."), 8–9 (alleging various violations by Shellpoint).) However, Shellpoint is not named as a defendant in the Amended Complaint. (*See generally* Am. Compl.) Indeed, prior to amendment, Plaintiff had already voluntarily dismissed Shellpoint. This occurred after Shellpoint filed with the Court two letters asserting, *inter alia*, that Plaintiff had executed a settlement agreement releasing all claims against Shellpoint related to the Property and its servicing thereof. (Pre-Motion Conference Letter from Kurt M. Gosselin, Esq. to Court (July 9, 2024) (Dkt. No. 29); Letter Response to Pl.'s Rule 67 Mot. from Kurt M. Gosselin, Esq. to Court (July 9, 2024) (Dkt. No.30).) To the extent that Plaintiff is attempting to seek relief against Shellpoint, or relief that is premised on Shellpoint's actions, the Court concludes that he has not demonstrated that there is a likelihood that he or his father will prevail in holding Indymac responsible for those actions.

Finally, the Court doubts that Plaintiff has satisfied the irreparable harm requirement. Plaintiff asserts that he and his father seek to "close a pending sale" but that "Defendants (through Shellpoint) insist on a payoff for a time-barred, defectively-held IndyMac lien, blocking closing . . . [and risking] contempt exposure in related state proceedings." (Pl.'s Emergency Mot. 2, 4.)  The Court sees no reason why this asserted harm could not be remedied via money damages. *See Bionpharma Inc. v. CoreRx, Inc.*, No. 21-CV-10656, 2022 WL 580767, at *3 (S.D.N.Y. Feb. 24, 2022) ("[I]t is well established that "quantifiable money damages cannot be deemed irreparable harm." (internal citation and quotation marks omitted)).  Plaintiff further claims that he faces a risk of incarceration if the sale is allowed to go forward. (Emergency Mot. 5 ("[F]ailure to close risks contempt exposure/incarceration for Christopher in related state proceedings[.]"), 7 (same), 15 (same); Am. Compl. at 3 ("Christopher . . . is threatened with being incarcerated . . . .").)  The Court finds it very unlikely (to put it mildly) that Plaintiff runs any risk of being held in contempt attributable to an asserted mortgage—legitimate or otherwise—on the property that he quitclaimed to his father.  In any event, Plaintiff would need to provide more details to support this conclusory claim.

The Court concludes that there is no need for a hearing to resolve Plaintiff's motion. *See St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025) ("There is no hard and fast rule in [the Second Circuit] that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." (alteration adopted, citation and quotation marks omitted)); *accord Reiver v. City of New York*, No. 25-CV-1376, 2025 WL 844421, at *3 (S.D.N.Y. Mar. 18, 2025).  The continued standing issues cast significant doubt on Plaintiff's likelihood of success or ability to show serious questions going to the merits, and the other

6

deficiencies described above further demonstrate that he is not entitled to the relief he seeks at this juncture.

For the reasons set forth above, Plaintiff's Emergency Motion is denied. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 59.

SO ORDERED.

Dated: October 17, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge