UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER M. MONGIELLO and
AMERICO MONGIELLO,

                                 *Plaintiffs*,

          v.

INDYMAC BANK, F.S.B.,

                                 *Defendant*.

No. 24-CV-2290 (KMK)

ORDER & OPINION

Appearances:

Christopher M. Mongiello
Americo Mongiello
Pelham Manor, NY
*Pro Se Plaintiffs*

KENNETH M. KARAS, United States District Judge:

Christopher M. Mongiello ("Christopher") and Americo Mongiello ("Americo")

(together "Plaintiffs"), proceeding pro se, bring this Action against IndyMac Bank, F.S.B.,

("Defendant" or "IndyMac"), seeking to quiet title for real property at issue and alleging a claim

for slander of title.  (*See* Second Am. Compl. ("SAC") (Dkt. No. 62).)  Plaintiffs presently seek

the entry of default judgment against Defendant.  (*See* Mot. Entry of Default J. ("Motion") (Dkt.

No. 64).)  For the reasons discussed below, Plaintiffs' request is denied.

## I.  Background

Christopher has initiated multiple actions in this District in relation to an apartment located at 25 Leroy Place, PH-07, New Rochelle, New York 10801 (the "Property").[1]  *See Mongiello v. HSBC Bank USA NA as Tr. for LMT 2006-6 Tr. Fund*, No. 24-CV-2291, 2025 WL 674345, at \*2 (S.D.N.Y. Mar. 3, 2025) (recounting the relevant factual and procedural background).  He commenced this Action on March 25, 2024, (*see* Compl. (Dkt. No. 1)), and filed a Second Amended Complaint on November 26, 2025, which added Americo, the current title holder of the Property, as a pro se plaintiff, (SAC ¶ 2).  The Court has directed Plaintiffs multiple times to serve IndyMac.  (*See* Dkt. Nos. 40, 44, 46.)  While the Court still has serious questions as to whether IndyMac has been properly served, it will assume for the purpose of this Opinion that IndyMac was properly served and has since failed to appear.  Accordingly, the Court turns to Plaintiffs' request for default judgment.

## II.  Discussion

A.  Standard of Review

"Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment."  *Granite State Ins. Co. v. GS Performance, LLC*, No. 23-CV-7646, 2025 WL 19826, at \*3 (S.D.N.Y. Jan. 2, 2025) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  The first step, entry of a default, simply "formalizes a judicial recognition that a

---

[1] Christopher also has one bankruptcy proceeding, (Dkt. No. 23-22732), two related adversarial proceedings, (Dkt. No. 23-7032; Dkt. No. 23-7033), and four actions before this Court, including two bankruptcy appeals, (Dkt. No. 24-CV-2468; Dkt. No. 23-CV-2548), and an action against HSBC Bank USA NA and PHH Corporation, (Dkt. No. 23-CV-2291), in addition to this Action.

defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 128 (2d Cir. 2011); *see also* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). As noted above, the Court assumes for purposes of this Opinion that Plaintiffs have satisfied the first step. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "[T]he 'typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer.'" *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986)). "Nonetheless, a district court is also empowered to enter a default against a defendant that has failed to . . . 'otherwise defend.'" *Id.* (quotation marks and alteration omitted). "It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Sec. & Exch. Comm'n v. Rsch. Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (citations omitted); *see also Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 192 (2d Cir. 2006) (same).

Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law. *Mickalis Pawn Shop*, 645 F.3d at 137; *Granite State Ins. Co.*, 2025 WL 19826, at *3. "While a defendant who defaults admits the well-pleaded factual allegations in a complaint,

because the defaulting party does not admit conclusions of law, 'a district court need not agree that the alleged facts constitute a valid cause of action.'" *Assure Glob., LLC v. Anderson*, 763 F. Supp. 3d 476, 483 (S.D.N.Y. 2025) (quoting *Mickalis Pawn Shop*, 645 F.3d at 137); *see also Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed[eral] R[ule] [of] Civ[il] P[rocedure] 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, the Court is "required to determine whether [Plaintiffs'] allegations establish [Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Grp. Ltd. v. Meirly*, No. 18-CV-706, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019) (citing *Belizaire v. RAV Investigative & Sec. Servs., Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014)). "[A] plaintiff is not entitled to a default judgment and any concomitant damages as a matter of right simply by virtue of a defendant's procedural default." *Spin Master Ltd.*, 463 F. Supp. 3d at 368 (quoting *Gould v. Marconi Dev. Grp., LLC*, 2020 WL 2042332, at *2 (N.D.N.Y. Apr. 28, 2020)), *adhered to in part on reconsideration*, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020).

B.  Quiet Title

Americo seeks to quiet title under New York's Real Property Actions and Proceedings Law ("RPAPL") § 1501(4).  (SAC ¶¶ 31–35, 39–44.)[2]  That statute "allows a claimant to quiet title after 'the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired.'"  RPAPL § 1501(4).  In New York, "[a]n action to foreclose a mortgage is subject to a six-year statute of limitations[,]" *Bank of N.Y. Mellon v. Craig*, 93 N.Y.S.3d 425, 427 (App. Div. 2019) (citing CPLR § 213(4)), and "a party seeking to cancel or discharge a mortgage must first establish that the limitations period for enforcement by way of foreclosure has already expired[,]"  *Batavia Townhouses, Ltd. v. Council of Churches Housing Dev. Fund Co., Inc.*, 38 N.Y.3d 467, 505 (N.Y. 2022); *see also  Trento 67, LLC v. OneWest Bank, N.A.*, 214 N.Y.S.3d 689, 694 (App. Div. 2024) ("The expiration of the statute of limitations is an essential element of an action pursuant to RPAPL § 1501(4)." (alterations adopted; quotation marks omitted) (quoting *4 Stella Mgmt., LLC v. Citimortgage, Inc.*, 164 N.Y.S.2d 827, 828 (App. Div. 2022)).  "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due."  *Id.* (collecting

---

[2] Although Plaintiffs characterize their request for declaratory judgment as an independent claim, (SAC ¶¶ 36–38), "[a] request for declaratory judgment does not constitute an independent cause of action[,]" *Brown v. Annucci*, Nos. 23-CV-6056, 23-CV-6902, 23-CV-6900, 23-CV-6905, 23-CV-6922, 23-CV-6923, 23-CV-6903, 23-CV-6898, 23-CV-6909, 23-CV-6914, 23-CV-6925, 23-CV-6916, 23-CV-6918, 23-CV-6906, 23-CV-6911, 23-CV-6919, 23-CV-6904, 23-CV-6910, 2025 WL 415814, at *7 (S.D.N.Y. Feb. 6, 2025) (quotation marks omitted) (quoting *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021)).  Instead, a declaratory judgment "is a request for a remedy that does not exist independent of a plausible underlying claim for relief."  *Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020).  Accordingly, the Court considers Plaintiffs' request for declaratory relief to be part of their requested remedy.

cases).  "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt."  *Id.* (quotation marks omitted) (quoting *EMC Mortg. Corp. v. Patella*, 720 N.Y.S.2d 161, 162 (App. Div. 2001)).

Americo claims that the mortgage is no longer enforceable because "no payment has been made [on the Property's mortgage] since at least 2018 or 2019[,]" and Defendant has not initiated a foreclosure action against Plaintiffs in the interim.  (Motion 4.)  However, examination of the mortgage note reveals that Christopher and non-party borrower Tiffany Eastman agreed to "owe [Defendant] [$122,000.00] plus interest . . . [and] promised to pay this debt in [p]eriodic [p]ayments and to pay the debt in full by August 1, 2036[.]"  (SAC Ex. 1 ( the "Note") ¶ (E) (Dkt. 62-1).)[3]  It is clear from the face of the Note that the mortgage is not due in full until 2036, and Plaintiffs do not allege that Defendant has taken any affirmative action to accelerate the mortgage.  (*See generally* SAC; Motion (claiming Defendant has not initiated foreclosure proceedings on the Property)).  Without any affirmative action by Defendant to accelerate the mortgage, as noted, each missed periodic payment creates its own cause of action,

---

[3] The Court may consider the Note because it is attached to and referenced throughout Plaintiffs' Second Amended Complaint, referenced in Plaintiffs' Motion, and integral to evaluating the pleadings in both.  *See Zaragoza v. Pappas OG LLC*, No. 24-CV-8644, 2025 WL 3102357, at *2 (S.D.N.Y. Nov. 6, 2025) ("In addition to the factual allegations of the complaint, a court may consider uncontroverted documentary evidence submitted with the motion for default judgment." (quotation marks omitted) (quoting *Leo v. Province Therapeutics, LLC*, No. 23-CV-5418, 2024 WL 456824, at *5 (E.D.N.Y. Feb. 6, 2024); *Am. Builders & Contractors Supply Co. v. CR1 Contracting, LLC*, 565 F. Supp. 3d 330, 341 (W.D.N.Y. 2021) (noting that when deciding whether to grant a motion for default judgment, "the [c]ourt may take notice of underlying documents relied upon in the complaint." (quotation marks and citation omitted)); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 331 (S.D.N.Y. 2003) ("Courts may not consider matters outside the pleadings but may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings." (citations omitted)).

*see OneWest Bank, N.A. v. Simon*, No. 14-CV-6622, 2019 WL 1320275, at *9 n.12 (E.D.N.Y. Mar. 22, 2019) ("It is well-established that 'when a mortgage is payable in installments, causes of action accrue separately for each installment that is not paid and the statute begins to run from the respective due date for each installment.'" (quoting *Zucker v. HSBC Bank, USA*, No. 17-CV-2192, 2018 WL 2048880, at *5 (E.D.N.Y. May 2, 2018)).  Thus, at present, the statute of limitations has only run on the unmade periodic payments dating back six or more years, but it has not run on the whole mortgage.  Because Plaintiffs do not plead that Defendant has taken affirmative action to accelerate the balance of the Note, Defendant has until at least August 1, 2042, six years from the date on which the last periodic payment is due, to initiate a foreclosure proceeding.  Accordingly, the Court cannot enter default judgment for Americo on his quiet title claim because he has not plausibly alleged that the statute of limitations has run on Defendant's foreclosure action.  *See Miss Jones LLC v. Stiles*, No. 17-CV-1450, 2019 WL 1244945, at *8 (S.D.N.Y. Mar. 18, 2019) (holding that the court "cannot expunge the mortgage" because "the statute of limitations has not run on the entire debt"); *U.S. Bank Nat. Ass'n v. Barnett*, 56 N.Y.S.3d 255, 256 (App. Div. 2017) (granting the defendant's cross-motion to discharge the mortgage and denying the plaintiff's foreclosure claim because the defendant submitted evidence that the plaintiff accelerated the mortgage six years prior to filing the instant foreclosure action, meaning the foreclosure action was time-barred); *cf.*, *MSMJ Realty LLC v. DLJ Mortg. Cap., Inc.*, 69 N.Y.S.3d 870, 887 (App. Div. 2018) (finding the plaintiff "demonstrated its entitlement to a default judgment against [the defendant] by submitting proof of service of the summons and complaint, proof that [the defendant] failed to timely answer or appear, and proof of the facts constituting the cause of action, i.e., that the six-year limitations period expired prior to the commencement of the instant action." (citations omitted; emphasis added)).

C.  Slander of Title

Plaintiffs also bring a claim for slander of title.  (SAC ¶¶ 41–44.)  "To state a claim for slander of title under New York law, a plaintiff must allege (1) a communication falsely casting doubt on the validity of complainant's title, [that is] (2) reasonably calculated to cause harm[] and (3) result[s] in special damages."  *Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 290 (S.D.N.Y. 2017) (quotation marks omitted) (quoting *Nials v. Bank of Am.*, No. 13-CV-5720, 2014 WL 2465289, at *4 (S.D.N.Y. May 30, 2014)).  As to the first element, "[t]he wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages result."  *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2019 WL 4917609, at *3 (S.D.N.Y. Oct. 4, 2019) (quoting *Hanbidge v. Hunt*, 183 A.D.2d 700, 701 (App. Div. 1992)).  "New York law also requires that [the] [p]laintiff demonstrate that the statements are made with 'malice' or 'at least a reckless disregard for their truth or falsity.'"  *Gonzalez*, 228 F. Supp. 3d at 290 (citation omitted).  A slander of title claim is subject to a one-year statute of limitations that begins to accrue from the time special damages are incurred.  *Wei Su*, 2019 WL 4917609, at *3 & n.2.

Here, Plaintiffs claim Defendant slandered the Property's title by "publish[ing]/maintain[ing] of record" the mortgage despite "knowing or with reckless disregard that no enforceable indebtedness exists and/or that any remedy is time-barred."  (SAC ¶ 41.)  However, as explained above, Defendant is not yet time-barred from foreclosing on the Property, so it cannot have slandered the Property's title by maintaining record of the mortgage note.  Further, Plaintiffs have not pleaded any facts sufficient to challenge the validity of the Note's recording or that to indicate that the Note "render[ed] the . . . title 'unmarketable in the legal

8

sense' or 'tend[ed] to cast doubt on the validity of' such title." *Int'l Grp., LLC v. Padilla*, No. 11-CV-6622, 2012 WL 5398674, at *7 (W.D.N.Y. Nov. 2, 2012) (quoting *Hirschhorn v. Town of Harrison*, 619 N.Y.S.2d 810, 811 (App. Div. 1994)).  Besides the conclusory statement that Defendant "reckless[ly] disregard[ed]" the accuracy of the Note, Plaintiffs "ha[ve] failed to show that [Defendant] acted with knowledge that the statements [in the Note] were false or with a 'reckless disregard' for the truth or falsity of the statements." *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017, 2007 WL 2781246, at *11 (S.D.N.Y. Sept. 24, 2007) (citing *Fink v. Shawangunk Conservancy, Inc.*, 790 N.Y.S.2d 249, 251 (App. Div. 2005)).  In other words, Plaintiffs have failed to plausibly allege that Defendant either knew that the Note was inaccurate or recklessly disregarded its accuracy.  As to the third element, Plaintiffs claim to have lost "six . . . bona fide sales/transactions" because of Defendant's alleged slander of title, (SAC ¶ 27), but Plaintiffs attach only two copies of the same contract of sale to their Second Amended Complaint, (*see* SAC Ex. 5 (Dkt. No. 62-5)), and none of their exhibits indicate that the prospective buyers backed out of the sale due to Defendant's mortgage on the property, (*see generally id.*).  Plaintiffs' claim that Christopher faces incarceration is similarly unavailing because they plead no facts supporting a connection between Defendant's alleged slander of the Property's title and Christopher's impending imprisonment.  (*See generally* SAC.)  Thus, Plaintiffs have failed to allege special damages with "sufficient particularity." *Jarrett v. Bank of Am., Corp.*, 78 Misc.3d 1234(A), at *5 (N.Y. Sup. Ct. 2023).  Because they have failed to plead facts sufficient to establish a claim for slander of title, the Court cannot award default judgment to Plaintiffs on this claim. *See Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196, 2022 WL 1266209, at *8 (S.D.N.Y. Apr. 28, 2022) (declining to award default judgment in favor of the plaintiffs on their slander of title claim because they had failed to state a cause of action for

9

slander of title in their complaint); *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (noting that "[a] default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant" (alteration in original; citation omitted)).

### III.  Conclusion

For the foregoing reasons, Plaintiffs' request for default judgment is denied.  Further, based on the deficiencies in Plaintiffs' Second Amended Complaint identified herein, Plaintiffs are ordered to show cause as to why this Action should not be dismissed for failure to state a claim by no later than July 16, 2026.  The Clerk of Court is respectfully requested to terminate the pending Motion at Dkt. No. 64.

Dated:  June 16, 2026
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

10